Rozier JONES, Appellant,

v.

**UNITED STATES, Appellee.**

No. 5069.

District of Columbia Court of Appeals.

Argued Nov. 24, 1969.

Decided Jan. 15, 1970.

Lawrence J. Winter, Washington, D. C., for appellant.

Rober C. Crimmins, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the brief, for appellee.

Before HOOD, Chief Judge, and KELLY and FICKLING, Associate Judges.

FICKLING, Associate Judge:

Appellant was convicted of carrying a pistol without a license. D.C.Code 1967, § 22–3204. The arresting officer testified that he and his partner received a radio run to investigate some suspicious persons in front of the bank at 624 E Street, N.W. They immediately responded from less than 2 blocks away and observed for 30 seconds several people near the bank, including appellant and his two companions: one of the persons, a woman, was waiting at the bus stop in front of the bank; two others were walking casually away from the officers and had their backs to them; and the three suspects were standing approximately 10 feet from the bank's entrance. When the suspects saw the police wagon, they started to walk away from the bank and in the direction of the officers. The officers pulled their patrol wagon across the sidewalk and stopped the appellant and his companions for investigation. They noted that the appellant had his hands in his trench coat pockets and that one pocket sagged. After telling appellant to take his hands out of his pockets, the officer put his own hands on appellant's coat and felt what seemed to be a pistol. He then pulled pistols from appellant's coat pocket and belt and arrested him. Appellant claims it was error to deny his motion to suppress because there was no probable cause for an arrest.

The Supreme Court has said in a case similar to this, Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), that

* * * we cannot blind ourselves to the need for law enforcement officers to protect themselves and other prospective victims of violence in situations where they may lack probable cause for an arrest. When an officer is justified in believing that the individual whose suspicious behavior he is investigating at close range is armed and presently dangerous to the officer or to others, it would appear to be clearly unreasonable to deny the officer the power to take necessary measures to determine whether the person is in fact carrying a weapon

and to neutralize the threat of physical harm.[1]

\*    \*    \*    \*    \*    \*

[T]he issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger.[2]

We hold, under the *Terry* rationale, that the officer's search and seizure under the circumstance was reasonable.

Affirmed.

---

1.  392 U.S. 1, at 24, 88 S.Ct. 1868, at 1881.

